FILED IN CHAMBERS
U.S.D.C. Atlanta

NOV 1 5 2010

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE BEAZER HOMES USA, INC. )
ERISA LITIGATION )
_____ )

CIVIL ACTION NO.
1:07-CV-00952-RWS

## ORDER AND FINAL JUDGMENT

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), with respect to the Beazer Homes USA, Inc. 401(k) Plan (the "Plan"). The terms of the Settlement are set out in the Stipulation and Agreement of Settlement (the "Stipulation") fully executed on July 19, 2010, by counsel on behalf of the Named Plaintiffs and Defendants.[1]

This Action came before the Court on November 15, 2010, for a hearing to determine the fairness of the Settlement and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement (Doc.

---

[1] Except as otherwise defined herein, all capitalized terms used in this Order and Final Judgment shall have the same meanings as ascribed to them in the Stipulation (Doc. No. 79-3).

No. 82).  The Court having considered all matters presented to it at the hearing and in writing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

      **1.**    **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

      **2.**    **Class Findings:** Solely for the purposes of the Settlement, the Court finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court, and any other applicable law have been met as to the Settlement Class defined below.  Specifically, the Court finds as follows:

      (a)    Solely for the purposes of the Settlement, the Court finds that, as required by Federal Rule of Civil Procedure 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

      (b)    Solely for the purposes of the Settlement, the Court finds that, as required by Federal Rule of Civil Procedure 23(a)(2), there are one or more questions of fact and/or law common to the Settlement Class.

(c)     Solely for the purposes of the Settlement, the Court finds that, as required by Federal Rule of Civil Procedure 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class, in that the claims of the Named Plaintiffs arise from the same alleged course of conduct that gives rise to the claims of the members of the Settlement Class, and the claims are based on the same legal theory.  In the present case, the Named Plaintiffs allege that they were Plan participants during the Class Period with Plan accounts that included investments in the Beazer Homes USA, Inc. Company Stock Fund (the "Beazer Stock Fund"), that the Plan's fiduciaries treated them and all other Plan participants alike, and that Plan-wide relief is necessary and appropriate under ERISA.

(d)     Solely for the purposes of the Settlement, the Court finds that, as required by Federal Rule of Civil Procedure 23(a)(4), the Named Plaintiffs have and will fairly and adequately protect the interests of the Settlement Class, in that: (i) the interests of the Named Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class, (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Settlement Class, and (iii) the Named Plaintiffs and the members of the Settlement Class are

represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.

       (e)     Solely for the purposes of the Settlement, the Court finds that, as required by Federal Rule of Civil Procedure 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action or (ii) adjudications as to individual Settlement Class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede the ability of such persons to protect their interests.

       (f)     The Court has also considered each of the elements required by Federal Rule of Civil Procedure 23(g) to ensure that Class Counsel have and will fairly and adequately represent the interests of the Settlement Class. Class Counsel have done the work necessary to identify or investigate potential claims in the Action, to investigate the allegations made in the Consolidated Complaint, including interviewing witnesses, reviewing publicly available information, reviewing documents and materials uncovered in their investigation, consulting with experts, and representing the interests of the Settlement Class. Class Counsel

have substantial experience in handling class actions and claims of the type asserted in this Action.   Class Counsel have also demonstrated extensive knowledge of the applicable law.  The Court concludes that Class Counsel have fairly and adequately represented the interests of the Settlement Class.

        (g)    The members of the Settlement Class have received proper and adequate notice of the Stipulation, the Fairness Hearing, Class Counsel's application for attorneys' fees and expenses and for Case Contribution Awards to the Named Plaintiffs, and the Plan of Allocation, such notice having been given in accordance with the Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement (Doc. No. 82).   Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts; provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein; and included information regarding the procedure for filing and serving objections.   Such notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

        **3.**    **Certification of Settlement Class:** Solely for the purposes of the Settlement, the Court finally certifies this Action as a class action under

Federal Rules of Civil Procedure 23(a) and 23(b)(1).  The Settlement Class is defined as:

> All persons who were participants in or beneficiaries of the Plan at any time between July 28, 2005 and May 12, 2008, and whose account(s) included investments in the Beazer Stock Fund.  Excluded from the Settlement Class are Defendants, any entity in which Defendants have or had a controlling interest, or which is or was a parent or subsidiary of or is or was controlled by Beazer Homes USA, Inc., and the current and former officers, directors, affiliates, legal representatives, heirs, predecessors, and assigns of Defendants.

Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints Patrick Denning and Lorene De Stefano ("Plaintiffs" or the "Named Plaintiffs") as Settlement Class representatives and Keller Rohrback L.L.P. and Barroway Topaz Kessler Meltzer & Check, LLP, as Class Counsel for the Settlement Class.

Any certification of a Settlement Class pursuant to the terms of the Stipulation shall not constitute and does not constitute, and shall not be construed or used as an admission, concession, or declaration by or against Defendants that (except for the purposes of the Settlement) this Action or any other action is appropriate for class treatment under Federal Rule of Civil Procedure 23, or any similar federal or state class action statute or rule, for litigation purposes.

**4.    Settlement Approval:** Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby approves and confirms the Settlement as a fair, reasonable, and adequate settlement and compromise of the Action.

(a)    No objections to the Settlement were filed.

(b)    The Court hereby approves the Stipulation and orders that the Stipulation shall be consummated and implemented in accordance with its terms and conditions.

(c)    In concluding that the Settlement embodied in the Stipulation is fair, reasonable, and adequate, the Court specifically finds as follows:

(i)    The Settlement was negotiated vigorously and at arm's-length by counsel for Defendants, on the one hand, and Class Counsel on behalf of the Named Plaintiffs and the Settlement Class, on the other.

(ii)    This Action settled after the Court had issued an order granting in part and denying in part Defendants' Motion to Dismiss the Consolidated Complaint. The Settlement was also reached following arm's-length negotiations among counsel with the assistance of an experienced mediator, who was thoroughly familiar with this litigation. Named Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action.

(iii)   If the Settlement had not been achieved, the parties faced the expense, risk, and uncertainty of extended litigation.

(iv)   The Settlement Amount ($5,500,000) is fair, reasonable, adequate, and within the range of settlement values obtained in similar cases.

(v)   At all times, the Named Plaintiffs have acted independently of Defendants and in the interest of the Settlement Class.

**5.   Approval of the Plan of Allocation:** The Plan of Allocation is hereby approved as fair and reasonable. The Court directs Class Counsel, the Claims Administrator, and the designated Financial Institution to administer and implement the Plan of Allocation in accordance with its terms and provisions.

**6.   Dismissal:** The Action is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided in the Stipulation and herein.

**7.   Releases and Injunctions:** The Court hereby approves the Releases and injunctive relief set forth in the Stipulation and orders as follows:

(a)   Plaintiffs, members of the Settlement Class, and the Plan (as authorized by the Independent Fiduciary) have released and discharged, and are hereby permanently barred and enjoined from asserting, commencing, prosecuting, or continuing, either directly, individually, representatively, derivatively, or in any

other capacity, any and all claims of any nature whatsoever (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification, or any other type of legal or equitable relief) for losses suffered by the Plan, Plan participants, or Plan beneficiaries ("Released Claims"):

    (i) against all Defendants and the current or former officers, directors, employees, insurers, reinsurers, attorneys, affiliates, subsidiaries, successors, assigns, committees, managers, fiduciaries, or agents of any Defendant, including, without limitation, Beazer Homes USA, Inc. and any fiduciary of the Plan ("Releasees"), whether accrued or not, whether already acquired or acquired in the future, whether known, unknown, or unsuspected, in law or equity, as well as any claim or right obtained by assignment, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim or otherwise, arising out of any or all of the acts, omissions, facts, matters, transactions, or occurrences that are, were, or could have been alleged, asserted, or set forth in the Consolidated Complaint or would be barred by principles of *res judicata* if the claims asserted in the Consolidated Complaint had been fully litigated and resulted in a final judgment in Defendants' favor, including but not limited to claims that Defendants and any fiduciaries of the Plan breached ERISA fiduciary duties in connection with

(1) the offering the Beazer Stock Fund as an investment option in the Plan, (2) the acquisition and holding of Beazer Homes stock by the Plan or Plan participants, (3) the appointment and/or monitoring of the Plan's fiduciaries, or (4) the provision of or failure to provide information to the Plan's fiduciaries, participants, and beneficiaries regarding Beazer Homes or Beazer Homes stock;

(ii)     against any applicable fiduciary liability insurance policies with respect to coverage for the Released Claims;

(iii)     against Defendants with respect to any claim against them arising from the preparation or structuring of the Plan of Allocation or the calculations performed by the Claims Administrator pursuant to the Plan of Allocation; and

(iv)     against Defendants with respect to any claim against them arising from the distribution of the Net Proceeds to the members of the Settlement Class, if such distribution is performed by a third-party entity retained by the Plan.

(b)     Effective upon Complete Settlement Approval, Defendants shall absolutely and unconditionally release and forever discharge the Named Plaintiffs, the Settlement Class, Class Counsel, and other counsel who represent members of the Settlement Class from any and all claims relating to the institution

or prosecution of this Action, as well as any and all claims for contribution, indemnification, or any other claims relating to payment of the Settlement Amount by Defendants.

        (c)    Scope of Releases

        (i)    Nothing in the Stipulation shall release, bar, waive, or preclude any claim that has been or could be asserted directly or derivatively by any member of the Settlement Class or the Plan in any state or federal securities litigation involving the purchase or sale of any Beazer Homes securities, including *In re Beazer Homes USA, Inc. Securities Litigation*, Civil Action No. 1:07-CV-725-CC, or the right to recovery with respect to such claim, provided, however, that this paragraph shall not be construed to permit any member of the Settlement Class or the Plan to recover more than one hundred percent of his, her, or its respective losses.

        (ii)    Except as otherwise set forth in the Stipulation, the Releases are not intended to include the release of any rights or duties of the parties arising out of the Stipulation, including the express warranties and covenants contained therein.

        (iii)    Plaintiffs, members of the Settlement Class, and the Plan (as authorized by the Independent Fiduciary) expressly waive and relinquish, to the

fullest extent permitted by law, any and all provisions, rights, and benefits conferred by (a) California Civil Code § 1542, which provides that

> a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor,

and (b) any similar state, federal, or other law, rule or regulation, or principle of common law of any domestic or foreign governmental entity.   The Named Plaintiffs, members of the Settlement Class, and the Plan may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Released Claims with respect to any of the Releasees, but the Named Plaintiffs, members of the Settlement Class, and the Plan hereby expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such other or different facts.

**8.    Award of Attorneys' Fees and Expenses and Case Contribution Awards:** The Court hereby awards Class Counsel their attorneys' fees of $1,512,500 (27.5% of the gross Settlement amount) and litigation expenses in the amount of $95,522.93, which shall be paid from the Qualified Settlement

Fund. The Court also awards each Named Plaintiff a Case Contribution Award in the amount of $5,000.00, which shall be paid from the Qualified Settlement Fund. In making these awards, the Court finds that:

(a)     The Settlement achieved as a result of Class Counsel's efforts has created a fund of $5,500,000, which will benefit thousands of members of the Settlement Class.

(b)     Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy.

(c)     The action involves complex factual and legal issues litigated over several years and, in the absence of a settlement, would involve further lengthy proceedings with an uncertain resolution.

(d)     Had Class Counsel not achieved the settlement, there would remain a significant risk that the Named Plaintiffs and the Settlement Class may have recovered less or nothing from Defendants.

(e)     The award of attorneys' fees and expenses is fair, reasonable, and consistent with awards in similar cases.

(f)     The Named Plaintiffs rendered valuable service to the Plan and to the members of the Settlement Class.

9.    **CAFA Compliance**: Defendants have filed a Declaration of Compliance with the Class Action Fairness Act of 2005 ("CAFA"), indicating that, pursuant to 28 U.S.C. § 1715(b), they timely mailed notice of the settlement to the Attorney General of the United States of America and the Attorneys General of all states in which members of the Settlement Class reside. The notice contained the documents and information required by 28 U.S.C. § 1715(b)(l)-(8). The Court therefore finds that Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

10.    **Retention of Jurisdiction:** The Court shall retain exclusive jurisdiction over the Named Plaintiffs, the members of the Settlement Class, and Defendants for all matters relating to this Action and the Settlement, including any disputes or challenges that may arise as to the performance, validity, interpretation, administration, effectuation, termination, or enforcement of the Stipulation and this Order and Final Judgment.  The Court shall also retain exclusive jurisdiction to enter further orders regarding any applications for awards of attorneys' fees and expenses incurred in connection with implementing and administering the Plan of Allocation.

11.    **Termination of Settlement:** In the event that the Stipulation is terminated in accordance with its terms, this Order and Final Judgment shall be

rendered null and void, *ab initio,* and shall be vacated *nunc pro tunc*, and this Action shall revert to its status as of the day immediately before the parties engaged in the mediation that resulted in the Settlement. The parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

12. **Use of Order:** This Order and Final Judgment is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the parties. This Order and Final Judgment shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability. This Order and Final Judgment shall not be construed or used as an admission, concession, or declaration by or against the Named Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable.

In the event that the Settlement is terminated, this Order and Final Judgment shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims that he, she, or it may have, including, but not limited to, any objections by Defendants to class certification. Moreover, the Stipulation and any proceedings taken pursuant to the Stipulation are for settlement purposes only. Neither the fact of, nor any provision contained in the Stipulation or its exhibits, nor any actions taken thereunder shall be

construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any claim or defense that has been, could have been, or in the future might be asserted.

SO ORDERED, this _15th_ day of November, 2010.

HON. RICHARD W. STORY
UNITED STATES DISTRICT JUDGE